**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOE W. SHULER, III,

      Plaintiff-Appellant,

v.

TIMITHI BOULTON, Parole Officer,

      Defendant-Appellee.

No. 08-1001

(D.C. No. 1:05-CV-01957-MSK-KLM)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

This is a *pro se* state prisoner civil rights appeal. Plaintiff filed this § 1983 civil action alleging that Defendant, his parole officer, violated his constitutional rights by issuing a parole hold after Plaintiff was arrested for possession of a controlled substance and by falsely representing in the parole hearing that criminal charges would be filed against Plaintiff later that night, causing the parole board to continue the parole hearing.[1] The court granted Defendant's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court construed his complaint to allege false imprisonment, denial of substantive and procedural due process, and cruel and unusual punishment. Plaintiff does not object to this characterization of his claims.

motion for summary judgment, holding that Defendant was entitled to judgment as a matter of law on all of Plaintiff's claims. We review this decision de novo, viewing the record in the light most favorable to Plaintiff as the nonmoving party. *See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 11150 (10th Cir. 1991).

After a careful review of the briefs and the record on appeal, we conclude that the district court did not err in granting Defendant's motion for summary judgment. As more thoroughly explained in the district court's order, Defendant was acting pursuant to Colorado law when he placed a parole hold on Plaintiff. *See* Colo. Rev. Stat. § 17-2-103(12) (2007) ( "If the parole officer is informed by any law enforcement agency that a parolee has been arrested for a criminal offense and is being detained in the county jail, the parole officer shall file a complaint alleging the criminal offense as a violation of parole."). Contrary to Plaintiff's arguments, Colorado law does not provide that a parole officer cannot file a parole complaint until formal criminal charges have been filed. *See id.* As for Plaintiff's assertion that Defendant falsely told the parole board that the district attorney would be filing charges on the evening of the parole hearing, we agree with the district court that any such false representation was immaterial under the circumstances of this case. Defendant had reason to believe that criminal charges would soon be filed, although they were not in fact filed until a few weeks after the hearing. The parole board was correctly made aware that no

criminal charges had yet been filed against Plaintiff, even if it was misled as to how quickly criminal charges would be filed, and there is no indication in the record that the parole board's decision to continue the hearing would have been affected if it had known that the charges against Plaintiff would be filed a few weeks after the hearing rather than the evening of the hearing.

For substantially the same reasons set forth in the district court's order, we **AFFIRM**. We **DENY** Plaintiff's request for appointment of counsel.

Entered for the Court


Monroe G. McKay
Circuit Judge